UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

SHANE L. WALTERS,

    Plaintiff,

v.

BALTIMORE COUNTY DEPARTMENT
OF CORRECTIONS,

    Defendant.

Civil Action No. TDC-22-2547

**MEMORANDUM ORDER**

Plaintiff Shane L. Walters, who is incarcerated at Baltimore County Detention Center ("BCDC"), alleges pursuant to 42 U.S.C. § 1983 that the living conditions at BCDC are unhealthy and unbearable. For the reasons discussed below, the Complaint is subject to dismissal for failure to state a claim. Walters will be provided with an opportunity to file an amended complaint to correct the deficiencies set forth below.

By law, the Court is required to conduct an initial screening of a complaint and dismiss it if it: (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) (2018). Here, the Complaint is deficient for the following reasons: (1) Walters does not name proper defendants; and (2) Walters provides no information on how he was injured by the alleged violations.

Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). Absent personal participation, a supervisory official may be held liable upon a showing that: (1) the

supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens such as the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791,799 (4th Cir. 1994).

In his Complaint, Walters names only BCDC as a defendant. Because BCDC is not a "person" subject to suit or liability under § 1983, Walters's complaint is subject to dismissal.

As complaints drafted by self-represented plaintiffs are held to a less stringent standard than those drafted by attorneys, a plaintiff who submits an inartfully pleaded complaint that includes a potentially cognizable claim should have the opportunity to amend the complaint to define the issues and to name proper defendants. *See Johnson v. Silver*, 742 F.2d 823, 825 n.2 (4th Cir. 1984). A complaint must contain, at a minimum, a short and plain statement of the claim that shows the plaintiff is entitled to relief, a request for relief, and the names of each defendant. *See* Fed. R. Civ. P. 8(a), 10(a). It also must "give the defendant fair notice of what the plaintiffs claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint also must plead sufficient facts to support a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Notably, an amended complaint replaces the original complaint filed. *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001). Therefore, the amended complaint required by this Order must include all of the allegations against each of the defendants, so that the amended complaint may stand alone as the sole complaint in this action which Defendants must answer. An

amended complaint must meet the requirements of this Order, or the amended complaint may be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l). Walters is further forewarned that his right to file a complaint in federal court without first paying the filing fee ($402) will be greatly curtailed if, while he is incarcerated, he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(l) as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

It is hereby ORDERED that:

1. Walters is GRANTED leave to file an amended complaint as directed above within **28 days** of the date of this Order.

2. The Clerk shall SEND Walters a copy of this Order, a copy of the original complaint, and a blank civil rights complaint form with included instructions.

3. Walters is FOREWARNED that:

    a. The amended complaint must meet the directions of this Order, or the amended complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); and

    b. If the amended complaint is not timely filed, this case will be dismissed for failure to comply with this Order without further notice.

Date: November 4, 2022

THEODORE D. CHUANG
United States District Judge