UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| SHANE L. WALTERS, <br><br> Plaintiff, <br><br> v. <br><br> GAIL WATTS, <br> SGT. WILLETTE, <br> SGT. DUPREE, <br> SGT. PAIGE, <br> SGT. CARTER, <br> SGT. WALKER, <br> OFC. RUSSELL, <br> SGT. MASON and <br> LT. JOHNSON, <br><br> Defendants. | Civil Action No. BAH-22-2547 |

**MEMORANDUM OPINION**

Plaintiff Shane L. Waters, who is incarcerated at Baltimore County Detention Center ("BCDC"), has filed this civil action pursuant to 42 U.S.C. § 1983. Walters filed Motions to Proceed in Forma Pauperis. ECFs 2, 7. In order to determine whether Walters qualifies for in forma pauperis status, the Court requires additional documents. Specifically, under 28 U.S.C. § 1915, a prisoner must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filling of the complaint." 28 U.S.C. § 1915(a)(2). To assist Walters in providing this information, the Court will direct the BCDC fiscal administrator to file a certificate indicating the average monthly balances in and deposits to Walters' account for the six-month period preceding the filing of his complaint.

The Court previously ordered Walters to amend his complaint as it was subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim.  ECF 5.  Walters filed an amended complaint which the Court now reviews.  ECF 6.

## I.      BACKGROUND

In the amended complaint, Walters alleges that from December 1, 2021, through November 16, 2022, the conditions in BCDC have been "unhealthy and unbearable."  ECF 6, at 2–3.  Walters generally cites issues such as mold, worm infestations, disrespectful staff, brown water, and a lack of adherence to grievance procedures by staff.  *Id.*  He states that there are "multiple major issues that have been addressed numerous times but have yet to been fixed."  *Id.* at 2.  Walters names as defendants BCDC Director Gail Watts; Sergeants ("Sgts.") Willette, Dupree, Paige, Mason, and Carter; Officers Walker[1] and Russel; and Lieutenant ("Lt.") Johnson.  *Id.* at 1.  As to each named correctional officer, Walters provides the following factual allegations.

Walters alleges that he informed Sgts. Willette, Dupree, and Paige about the inadequate and unhealthy living conditions, but they took no action.  *Id.* at 3.  On June 30, 2022, Officer Walker disrupted recreation time, was "disrespectful," and "kept inmates locked in cells for no reason" for an hour after meal distribution.  *Id.* at 4.  On August 7, 2022, Officer Russel "made threatening remarks to fight an inmate."  *Id.*  On September 15, 2022, inmates were waiting for their mail when officers suddenly told the inmates to "lock in[to]" their cells.  *Id.*  The inmates did not receive their mail as officers "refused to distribute mail."  *Id.*  Thereafter, Walters requested an inmate grievance form from Sgt. Mason, but he was not provided one, and Mason ignored his request because "she wanted to go home [since] her shift was over."  *Id.*  In November 2022,

---

[1] The Clerk will be directed to revise the docket to reflect that Defendant Walker is Officer Walker, not Sgt. Walker.

Walters alleges issues with the water quality, noting that it "has been running brown sometimes and is possibly contaminated." *Id.* at 3. He further alleges that when toilets flooded on November 13 toilet water flooded into inmates' cells and the inmates were issued only mops "to mop up the feces and urine contaminated water without any other supplies or cleaning solutions." *Id.* On November 14, 2022, the BCDC power went out, and Sgt. Carter instructed inmates to return to their cells and "lock in." *Id.* Walters alleges that Carter should not have taken this action, as the water and toilets were not functioning during the outage, which created a health and safety hazard.

According to Walters, Sgts. Willette and Dupree regularly fail to respond to requests for assistance and do not provide grievance forms to inmates upon request.[2] *Id.* at 5. Lt. Johnson "expressed that it doesn't matter" if inmates receive a grievance form because "no results will come from them as they discard and don't follow through with them anyway." *Id.* Walters asserts that "Gail Watts should also be held responsible [for] conditions [in] the jail as she [is the] director and responsible for major changes as well as what goes on and struc[tures]." *Id.*

Walters alleges that he is suffering mentally, emotionally, and physically from the conditions at BCDC. *Id.* He states that he experiences anxiety attacks, panic attacks, hair loss, migraines, depression, and skin irritation. *Id.* As relief, he seeks release from BCDC and monetary compensation. *Id.* at 6.

## II.   DISCUSSION

Walters brings this civil rights action pursuant to 42 U.S.C. § 1983. To bring an action under § 1983, a plaintiff must demonstrate that: (1) he suffered a deprivation of "a right secured by the Constitution and laws of the United States"; and (2) the act or omission causing the

---

[2] Walters also complains that Sgt. Salisbury failed to provide grievance forms to him, but Walters does not name Salisbury as a defendant in this action. ECF 6, at 5.

deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Grievance Procedures

Walters claims that on various occasions Sgts. Willette, Mason, and Dupree, as well as Lt. Johnson, failed to provide grievance forms to him, which is fairly construed as a claim for a violation of due process under the Fourteenth Amendment. However, "inmates have no constitutional entitlement or due process interest in access to a grievance procedure." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017) (citing *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994)). If Walters' intention is to assert that these defendants violated state laws or regulations or prison policies relating to the grievance process, such violations do not provide a basis for a due process violation. *See Riccio v. Cnty. of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue."). While actions to prevent an inmate from filing an administrative grievance may provide a basis to excuse a failure to exhaust the administrative remedy process, *see Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008), they do not support a claim of a violation of federal constitutional rights. Accordingly, Walters' due process claims against Sgts. Willette, Mason, and Dupree, and Johnson will be dismissed.

### B. Verbal Abuse

Walters alleges that Officer Russel made threatening remarks to another inmate, and Officer Walker disrupted recreation time and was "disrespectful." ECF 6, at 4. These allegations do not state a claim against Russel or Walker because, in general, "[m]ere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983." *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir.

1979)); *see also Hunter v. Butler*, Civ. No. DLB-21-212, 2022 WL 824853, at *3 (D. Md. Mar. 18, 2022) (collecting cases holding the same). Accordingly, claims against Officers Russel and Walker for allegedly threatening verbal remarks will be dismissed.

### C.  Conditions of Confinement

A pretrial detainee's claims of unconstitutional conditions of confinement arise under the Due Process Clause of the Fourteenth Amendment.[3] *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Because a detainee may not be punished prior to an adjudication of guilt, conditions that amount to punishment of a pretrial detainee are prohibited. *Id.* However, "not every inconvenience encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) (quoting *Bell*, 441 U.S. at 538–40). The Fourth Circuit has recently clarified that "to state Fourteenth Amendment claims for deliberate indifference to a serious risk of harm" pretrial detainees need only allege "on [a] purely objective basis that the 'governmental action' they challenge is not 'rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Short v. Hartman*, --- F.4th ---, No. 21-1396, 2023 WL 8488148, at *10 (4th Cir. Dec. 8, 2023) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). Pretrial detainees need not demonstrate that prison officials possessed any subjective deliberate indifference to properly allege a Fourteenth

---

[3] Walters' amended complaint does not indicate whether he is detained pretrial or has been convicted. However, according to Maryland Judiciary Case Search, Mr. Walters' trial is scheduled for March 2024. *See State of Maryland v. Shane Lee Walters*, Maryland Judiciary Case Search, https://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=C03CR21005317&loc=55&detailLoc=ODYCRIM. "[A] court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb v. Mayor of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015) (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). "Adjudicative facts are simply the facts of the particular case." Fed. R. Evid. 201, Advisory Committee's note. Thus, the Court takes judicial notice that Walters is a pretrial detainee.

Amendment claim, as is required by Eighth Amendment claims brought by convicted detainees. *See id.* at *9 (noting that *Kingsley* abrogated prior Fourth Circuit precedent requiring pretrial detainees to allege both objective and subjective deliberate indifference). "[I]t is sufficient that the plaintiff show that the defendant's action or inaction was . . . 'objectively unreasonable.'" *Id.* at *11 (quoting *Kingsley*, 576 U.S. at 397).

To meet the objective standard in a conditions of confinement claim, the prisoner must "'produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions,' or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (quoting *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993)). Thus, "a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year" satisfies the objective standard under the Eighth and Fourteenth Amendments, even if "the complaining inmate shows no serious current symptoms." *Helling v. McKinney*, 509 U.S. 25, 33–34 (1993); *Webb v. Deboo*, 423 F. App'x 299, 300 (4th Cir. 2011).

Walters' amended complaint both describes individual incidents which occurred at BCDC and raises general claims about the conditions of his confinement. Walters alleges that Sgt. Carter ordered inmates to remain locked in their cells during a power outage or a fire drill, and Officer Walker ordered inmates to lock in for an hour after meal distribution. These allegations do not plausibly allege unconstitutional conditions of confinement or deliberate indifference to inmate health and safety.

Walters asserts that mold, feces on the ceiling, an infestation of black worms in the showers, and brown running water establish unconstitutional conditions of confinement. Walters alleges that when toilets overflowed into inmates' living spaces, they were not given cleaning

6

solution, only mops, to clean up the "feces and urine contaminated water." ECF 6, at 3. The next day, inmates were given these same mops to clean, which Walters alleges had not been cleaned and were thus still contaminated from the previous day. *Id.* From these conditions, he alleges that he has been injured "mentally, health wise, and physically," including anxiety attacks, panic attacks, rashes on his skin, migraines, hair loss, and depression. *Id.* at 5. He asserts that he informed Sgts. Willette, Dupree, and Paige about the inadequate and unhealthy living conditions, but they have taken no action. *Id.* at 3. Though Walters need not allege any defendants' subjective state of mind to allege a Fourteenth Amendment claim, "for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.'" *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1997)). Walters has not alleged that any of the other defendants had any personal involvement in perpetrating these allegedly unconstitutional conditions. Thus, for these conditions, the Court finds that Walters has sufficiently stated a claim for that may proceed as to Defendants Willette, Dupree, and Paige only.

### D. Supervisory Liability

Finally, Walters simply states that he believes "Gail Watts should also be held responsible [for] conditions [in] the jail as she [is the] director and responsible for major changes as well as what goes on and struc[tures.]" ECF 6, at 5. He provides no additional information pertaining to Defendant Watts. The doctrine of *respondeat superior*, or vicarious liability, is not applicable to § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (holding that there is no *respondeat superior* liability under § 1983). Supervisory liability under § 1983 must be supported with evidence that: (1) "the supervisor had actual or constructive knowledge that [a] subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional

injury to individuals like the plaintiff"; (2) "the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) "there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Walters has not provided allegations that Watts was personally aware of the allegedly unconstitutional conditions or of Defendants Willette, Dupree, and Paige's allegedly unconstitutional conduct, and thus his claims against Watts will be dismissed without prejudice.

### III.     CONCLUSION

For the foregoing reasons, Walters' Fourteenth Amendment due process claims, conditions of confinement claims against Officer Russel, Officer Walker, Sgt. Carter, Sgt. Mason, and Lt. Johnson and supervisory liability claim against Director Watts are dismissed. Walters' amended complaint shall proceed only as to the claim that he was subjected to constitutionally inadequate conditions of confinement by Sgts. Willette, Dupree, and Paige.

A separate Order follows.

Date: December 19, 2023

          /s/
BRENDAN A. HURSON
United States District Judge