## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

SHANE L. WALTERS,

     Plaintiff,

     v.

SGT. WILLETTE,
SGT. DUPREE, and
SGT. PAIGE,

     Defendants.

Civil Action No. BAH-22-2547

## MEMORANDUM OPINION

Plaintiff Shane L. Walters, currently incarcerated at Roxbury Correctional Institution ("RCI"), filed this civil action pursuant to 42 U.S.C. § 1983 complaining of events at the Baltimore County Detention Center ("BCDC") where he was then housed.[1] ECF 1. Walters filed an amended complaint, as directed. ECF 5, 6. The Court determined that Walters's claims pertaining to conditions of confinement may proceed against Defendants Sergeants Willette, Dupree, and Paige, and all other claims and Defendants were dismissed. ECF 8-9.

Defendants Willette, Dupree, and Paige filed a motion to dismiss or, alternatively, for summary judgment. ECF 15. Walters was advised of his opportunity to respond to the dispositive motion and the risks of failing to do so. ECF 16. Walters has not filed any response to the motion. No hearing is necessary to determine the matters pending. See Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, Defendants' motion, construed as a motion to dismiss, will be **DENIED**.

---

[1] The Clerk will be directed to revise the docket to reflect Walters's current address at Roxbury Correctional Institution. *See* https://www.dpscs.state.md.us/inmate/search.do?searchType=detail&id=1038622757 (last checked February 7, 2025).

## I. BACKGROUND

### A. Walters's Allegations [2]

In the amended complaint, Walters alleges that from December 1, 2021, through November 16, 2022, the conditions in BCDC have been "unhealthy and unbearable." ECF 6, at 2-3.  Walters complains of mold, worm infestations, brown water, and a lack of adherence to grievance procedures by staff that have persisted since December 1, 2021.  ECF 6.  He states that there are "multiple major issues that have been addressed numerous times but have yet to been fixed." *Id.* at 2.  Walters alleges that he informed the Defendants, Sgts. Willette, Dupree, and Paige about the inadequate and unhealthy living conditions, but they failed to act. *Id.* at 3.

As of November 2022, the water was "running brown sometimes and is possibly contaminated" and Walters was afraid to drink it. *Id.* at 3.  Walters further alleges that when toilets flooded in the dayroom on November 13, 2022, the toilet water flooded into inmates' cells and the inmates were issued only mops to clean up the feces and urine contaminated water without any other supplies or cleaning solutions. *Id.*  On November 14, 2022, inmates were issued the same dirty mops and buckets to clean their cells and were locked in their cells for the day without functioning water and toilets because the power had gone out. *Id.* at 3-4.  On November 16, 2022, inmates were locked in their cells for the day due to a fire, and since November 6, 2022, the power and lights have frequently gone out. *Id.* at 3.

Walters details his efforts to exhaust administrative remedies.  ECF 6, at 2-5.  He states that he and multiple inmates have made staff aware of issues related to the filth in the facility to include mold, feces in the ceiling and walls, and black worms in the shower through their complaints and requests for grievance forms. *Id.* at 3.  He states that he did not file a grievance in

---

[2] Only the facts relevant to the remaining Defendants and claims are provided herein.

2

this instance because "[w]hen I ask staff for grievance form[s] I'm either questioned about it, get ignored, or told they will bring one back but never receive one." *Id.* at 2. He further states that Defendants Sgts. Willette and Dupree, and also an Officer named Salisbury, regularly fail to respond to requests for assistance and do not provide grievance forms to inmates upon request. *Id.* at 5. Further, Lt. Johnson "expressed that it doesn't matter" if inmates receive a grievance form because "no results will come from them as they discard and don't follow through with them anyway." *Id.* Many other officers have stated the same thing as Lt. Johnson. *Id.* Additionally, Sgt. Mason previously ignored his request for a grievance form pertaining to a failure to deliver mail because "she wanted to go home [since] her shift was over." *Id.* at 4-5. Walters attaches to his amended complaint a grievance dated June 30, 2022, that is stamped as received on July 11, 2022, complaining that officer Walker disrupted "walk time," was disrespectful, and left inmates locked in their cells during count and meal distribution. ECF 6-1, at 4.

Walters requests that the court "pardon" him from BCDC and award him monetary compensation. ECF 6, at 6.

### B. Defendants' Motion

Defendants Willette, Dupree, and Paige filed a motion seeking dismissal of the complaint or, in the alternative, summary judgment in their favor. ECF 15 (motion); ECF 15-1 (memorandum in support of motion). Defendants argue that the amended complaint should be dismissed because Walters has not exhausted his administrative remedies. ECF 15-1. Defendants have not provided any documents with their motion and instead reference Walters's amended complaint and the June 30, 2022 grievance that Walters attached as an exhibit. ECF 6; 6-1, at 4; 15-1, at 4-8.

3

## II. STANDARD OF REVIEW

Defendants argue that the amended complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), or, alternatively, that summary judgment should be granted in their favor pursuant to Fed. R. Civ. P. 56. *See* ECF 15-1. A motion to dismiss styled in the alternative as a motion for summary judgment implicates the Court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery Cnty.*, 788 F. Supp. 2d 431, 436–37 (D. Md. 2011), *aff'd* 684 F.3d 462 (4th Cir. 2012).

The Court's review of a Rule 12(b)(6) motion typically is limited to the pleadings, documents attached to the complaint, and the parties' briefs. *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c). *See also Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citation omitted). In contrast, Rule 12(d) requires courts to treat such a motion as a motion for summary judgment if matters outside the pleadings are considered and not excluded. See Fed. R. Civ. P. 12(d). In this instance, Defendants have not provided any documents with their motion and instead reference only Walters's amended complaint and grievance exhibit. ECF 6; 6-1 at 4; 15; 15-1. For this reason, Defendants' motion will be construed solely as a motion to dismiss.

In reviewing a Rule 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). Further, a federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

4

## III. DISCUSSION

Defendants advance a single argument in their motion, that Walters failed to exhaust administrative remedies prior to filing his complaint. ECF 15-1, at 4-8. Defendants fail to meet their burden and the motion will be denied.

The Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Chase v. Peay*, 286 F. Supp. 2d 523, 527 (D. Md. 2003) (finding that "the exhaustion provision" of the PLRA "plainly extends" to suits regarding prison conditions). Exhaustion under § 1997e(a) is mandatory, and therefore a plaintiff must exhaust his available administrative remedies before a court can hear his claim. *See Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA . . . ."); *Ross v. Blake*, 578 U.S. 632, 638 (2016) (finding that "a court may not excuse a failure to exhaust"). Consequently, if Walters has not properly presented his claim through an available administrative remedy procedure, the claim must be dismissed pursuant to the PLRA. *See Ross*, 578 U.S. at 639.

Administrative exhaustion under § 1997e(a) is not, however, a jurisdictional requirement and does not impose a heightened pleading requirement on the detainee. *Jones*, 549 U.S. at 215–16. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants. *See id.*; *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017). The Court

may dismiss a claim on this ground only if "the defendants raise the issue as an affirmative defense and the inmate has had an opportunity to respond to the affirmative defense" or in "the rare, exceptional instance where administrative exhaustion"—or lack thereof—is "apparent on the complaint's face." *Custis*, 851 F.3d at 362 (citing *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008)).

To exhaust administrative remedies, an inmate must complete "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006); *Moore*, 517 F.3d at 725. This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford*, 548 U.S. at 93 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). A court will not dismiss a claim as unexhausted "if a prisoner, through no fault of his own, was prevented from availing himself of [an administrative remedy]." *Moore*, 517 F.3d at 725.

Defendants do not provide any information describing the grievance procedure in place at BCDC, including what steps Walters should have taken and failed to take to exhaust his administrative remedies, and the applicable time frames for doing so. Defendants instead rely on information provided by Walters in the amended complaint in which he checked a box stating that he did not file a grievance as required by the prison's administrative remedy procedures. ECF 6, at 2[3]; 15-1, at 5. Defendants assert that Walters's stated reason for his failure to file a grievance, which is that when he requested a complaint form he was "either questioned about it, [got] ignored,

---

[3] Defendants cite to the complaint, ECF 1 at 2, instead of the amended complaint, but this appears to be an inadvertent error, which the Court has corrected herein.

or told they will bring one back but never receive[d] one," is legally insufficient to excuse exhaustion. ECF 6, at 2; ECF 15-1 at 6.

The Court concludes otherwise. Walters asserts that he was thwarted from using the grievance system due to officers' interference with his ability to obtain grievance forms. ECF 6, at 2-5. Defendants' only offer of evidence to contradict Walters is their reference to the grievance submitted by Walters dated June 30, 2022, received by administration on July 11, 2022. ECF 6-1, at 4; 15-1, at 5-7. Defendants argue that because Walters successfully filed a grievance on one occasion, this proves that the grievance process was available to him during the relevant time period, and there is no genuine dispute of material fact as to if Walters was able to submit an Inmate Complaint Form. ECF 15-1 at 5-7.

Defendants' argument is unavailing and they have not met the burden of the affirmative defense. Successfully filing one grievance does not establish that the grievance process was available to Walters at other times, and further is not evidence of Walters's ability to conclude the administrative process at all. The record, taken in the light most favorable to Walters, indicates that the administrative remedy was not available to him, because "through no fault of his own, [he] was prevented from availing himself of it." *Moore*, 517 F.3d at 725.

Defendants' motion is denied.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion, construed as a motion to dismiss, is denied. Defendants will be directed to file an Answer to the Amended Complaint.

A separate Order follows.

Date: February 18, 2025

_/s/_
BRENDAN A. HURSON
United States District Judge

7